No. 494

First Circuit

BRUNETTE v. PRUTSMAN

(June 10, 1929. Opinion and Decree.)
(June 28, 1929. Rehearing Refused.)

A. L. Ponder, of Amite, attorney for plaintiff, appellant.

Spearing and Mabry, of New Orleans, attorneys for defendant, appellee.

LECHE, J. This appeal was taken by plaintiff from a judgment refusing him additional and continuing compensation. His injury, which was below his knee joint was suffered on March 7, 1925, and he was paid compensation from that time on, up to about November or December, 1928, during approximately two hundred weeks.

The present proceeding filed October 9, 1928, is by rule against plaintiff, to show cause why judgment should not be rendered decreeing him no longer entitled to compensation, etc. Plaintiff's answer avers in substance that the compensation paid to him should be increased from nine dollars to nineteen 50/100 dollars per week, and that he should be declared entitled to this compensation for a period of four hundred weeks.

Plaintiff first obtained a judgment on February 26, 1926, awarding him compensation at the rate of $19.50 per week from September 3, 1925, defendant having already paid this weekly sum from March 7, 1925. It was further ordered that these payments be continued weekly until such time as the court might change its judgment.

On April 29, 1927, another judgment was rendered in the same matter, ordering the weekly payments of compensation to be

continued, but at the reduced rate of $9 per week from April 21, 1927, "not to exceed the period prescribed by law."

Payments were thus made until some time in December, 1928, when, upon a rule taken by defendant, another judgment was rendered on December 20, 1928, holding that the payments theretofore made by defendant constituted a full and complete payment of all sums due by defendant to plaintiff on account of the injuries received by plaintiff on March 7, 1925.

From this last judgment plaintiff has taken the present appeal.

The first compensation paid to plaintiff was based, we understand, upon injuries inflicted to his leg at or near the ankle joint. That compensation was reduced from $19.50 to $9 per week from and after April 21, 1927. From that date the reduced compensation was received and accepted by plaintiff until, as before stated, about December, 1928. Under the compensation law as it existed at the time the injury was inflicted, March 7, 1925, the terms of the statute were that amputation between the knee and the ankle shall be equal to the loss of a foot, that the permanent total loss of the use of a member shall be equal to the amputation of a member, and that the loss of a foot entitles the employee to sixty-five per centum of his wages during one hundred and twenty-five weeks. See Act 216, p. 399 of 1924, amending section 8, subsection 1, paragraph (d), Act No. 20 of 1914, as amended.

In this case there can be no question as to the rate of payment per week, for since April 21, 1927, plaintiff has accepted $9 per week. This was the rate fixed by the district court, and no appeal was taken from that decree. The time during which these weekly payments continued to be made is approximately two hundred weeks. The duration of the compensation fixed for the loss of a foot, as seen by the above cited statute of 1924, is only (125) one hundred and twenty-five weeks, so that plaintiff has really been paid for (75) seventy-five weeks more than he was entitled to, under the law.

Plaintiff complains that he is still suffering from his injury, but we are powerless to grant him any additional relief. The statute is our authority, and we have no right to go beyond its limitations.

The judgment appealed from is affirmed.