No. 748

First Circuit

HARRISON v. JOSEPH RATHBONE LBR. CO., INC.

(March 3, 1931. Opinion and Decree.)

R. A. Dowling, of New Orleans, attorney for plaintiff, appellee.

S. S. Reid, of Amite, attorney for defendant, appellant.

ELLIOTT, J. Adam Harrison, so called in his petition, but whose real name is Adam Harris, claims of Joseph Rathbone Lumber Company, Inc., defendant, disability compensation at the rate of $16.72 per week for a period of 400 weeks, subject to a credit of $11.70 per week for a period alleged to be about 106 weeks received.

The injury for which compensation is claimed was received while cutting trees for defendant on November 23, 1926.

The defendant admits in its answer that plaintiff was injured in its service at the time alleged and having paid him compensation on said account, but alleges that the injury received was in his right leg below the knee, and denies that his injury reached any other part of his body. It denies that plaintiff was earning $18 per week, but alleges that it paid him compensation based on that amount from November 23, 1926, until January 8, 1928, a period of 111 weeks. That it has paid medical expenses on his account far in excess of $250. That it has paid plaintiff all the compensation to which he is entitled.

The lower court rendered judgment in favor of the plaintiff for $324.12 as representing back payments due December 4, 1929, and for the further sum of $14.62 a week, beginning December 4, 1929, not to exceed 300 weeks from date of injury, November 23, 1926.

Defendant has appealed.

Plaintiff has answered the appeal praying that the judgment be increased.

The extent of plaintiff's injuries received November 23, 1926, is in dispute.

Dr. Harrison, who treated plaintiff on account of his injuries received November 23, 1926, testified as follows:

"Interrogatory No. 7. Q. Are there any other injuries to Harrison except to his leg below the knee?
"A. No.
"Interrogatory No. 8. Q. If Harrison's leg had been amputated at any point below the knee, would there be any remaining part of his body suffering from injuries received on November 23rd, 1926?
"A. No."

There is further testimony in the record about the condition of plaintiff's leg and other parts of his body, but nothing contradicting or denying the testimony of Dr. Harrison. Nothing that satisfies the showing required by Act No. 20 of 1914, section 18, par. 4 (amended Act No. 85 of 1926), which provides:

"The judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided, but all findings of the fact must be based upon competent evidence, and all compensation payments provided for in this act, shall mean and be defined to be for injuries and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."

And the further requirements on the subject contained in section 38 (amended Act No. 38 of 1918).

It is therefore not established by satisfactory evidence that any of the ailments, except the injury to his leg which plaintiff was found to have while in the Charity Hospital, resulted from the injury received on November 23, 1926.

The Charity Hospital records were objected to when offered in evidence by the plaintiff, but the objection was only formal; no particular ground for objection was specified. The copy was certified to by the superintendent, under the seal of the Charity Hospital. We think they were properly received in evidence. But no connection between the injury of November 23, 1926, and the other ailments mentioned in the records is thereby shown.

The testimony of Dr. Harrison being explicit and to the point, we hold that the evidence shows that plaintiff's knee was not injured while in the service of defendant on November 23, 1926; that the injury on that occasion was below the knee, and that if plaintiff's leg had been amputated below the knee there would have been no remaining part of his body suffering from the injury in question.

Such being the case, it follows that under the law, Act No. 20 of 1914, sec. 8(d), pars. 7 and 13 (amended Act 85 of 1926), plaintiff cannot recover compensation beyond the amount provided for the loss of a foot, which is 65 per cent of his weekly wage for 125 weeks.

The amount of plaintiff's average weekly earnings is disputed and the determination is a matter of some difficulty.

The plaintiff testifies that he received $3.75 a day when he was working by the day; that he worked six days in the week; and that when he worked cutting trees and was paid by the tree, he earned more than that.

But according to defendant's auditor, called as a witness, testifying from defendant's pay roll, plaintiff earned less than he claims. But we conclude, after considering all that has been said on the subject, that plaintiff must have earned on an average $3.75 a day and that he worked six days a week, making an average of $22.50 per week. That 65 per cent of his weekly wage amounted to $14.62. This sum per week for a period of 125 weeks amounts to $1,827.50. Plaintiff has received $1,298.70. Subtracting the sum received from the amount to which he is entitled leaves $528.80. We think this amount should draw legal interest commencing one week from date of last payment, which last payment was on January 8, 1929, and will render judgment accordingly.

The defendant calls our attention to the holding in Brunette v. Prutsman, 11 La. App. 305, 122 So. 870, in which the court said there could be no question as to rate of payment because plaintiff had accepted $9 per week, etc. But in that case the compensation referred to had been definitely fixed by the court.

In this case the compensation which plaintiff has been receiving was arbitrarily fixed by the defendant, and the fact that plaintiff received it without question at the time does not, under the provisions of the Compensation Law, section 36, prevent plaintiff from recovering the true amount due him, as may be shown by the evidence on the trial.

Plaintiff's request that the judgment in his favor be increased is refused.

For these reasons the judgment appealed from is amended so as to make the balance due the plaintiff on account of his said injury of November 23, 1926, at $528.80 with legal interest thereon from January 15, 1929, until paid, and as thus amended the judgment appealed from is affirmed.

Defendant and appellant to pay the cost in the lower court.

Plaintiff and appellee the cost of appeal.